It appeared in evidence, that the horse was loaned by plaintiffs to the wife of the defendant, Harris, at that time a young woman unmarried, but of full age, to ride to Rutherford on a visit to her relations.
The horse was blind in one eye when he was loaned, and when he was returned, about eight days afterwards, the other eye was weeping and partly closed up. The horse was returned by the young woman as she came back from the visit and before reaching her home; but as she was about to walk home, it was suggested by a member of the plaintiff's family that she might ride the horse home and bring him back next day; this was assented to by plaintiffs, and she rode the horse to her father's a short distance, and he was there put into the common horse-lot surrounding the stables, where in passing around the lot, he appeared to have slipped and fallen upon a stump and broke his thigh; the lot had been used for many years as a horse lot, but was somewhat slanting, and it was wet weather.
There was no complaint made of the treatment of the horse, or of his appearance, when he was first brought back by the defendant, as she returned from her journey.
Upon the foregoing, as an assumed state of facts, the Court was of opinion there was not proof of such negligent use, or of such want of care, as to make defendant responsible for the accident.
The plaintiffs contended, that as the injury had occurred to *Page 533 
the animal while in the possession of the defendant, that a misuser of it was to be presumed; but the Court did not think so, especially in the face of the proofs. The plaintiffs, in deference to the opinion of the Court, submitted to a nonsuit and appealed.
It is not necessary for us to enquire, whether, if one borrows a horse, and it is injured so that it cannot be returned in as good condition as when received, the onus of proving how the injury occurred, is upon the bailor or bailee; for admitting that, as the bailment was for the benefit of the bailee alone, she was liable for slight neglect; and admitting also, that the onus of exculpation, by disproving any degree of neglect on her part, was on the defendant, we concur with his Honor, that upon the state of the facts, assumed, she was not guilty of even slight neglect, as the damage was the effect of a mere accident.
PER CURIAM, Judgment affirmed.